C. A. MURPHY v. HIRAM PARTEE.

LEVY OF EXECUTION. *Satisfaction.* The principle upon which a levy of
an execution on sufficient personal property to discharge the debt is
held to satisfy the judgment is, that the title to the property has been
divested out of the debtor and vested in the sheriff, so that the cred-
itor has his remedy against the sheriff, if he fail to appropriate it to
the payment of the judgment. But this principle can have no appli-
cation to a case where the party has not been in fact deprived of his
property as the result of the levy.

Case cited: Williams v. Bowdon, 1 Swan, 285.

FROM LAUDERDALE.

Appeal from the Circuit Court. THOS. J. FLIPPIN,
Judge.

WILKERSON & WILKERSON for complainant.

MARLEY & STEELE for defendants.

FREEMAN, J., delivered the opinion of the Court.

Only two questions are necessary to be decided in
this case. The first, whether the levy on a negro
man, the property of one of the principal defendants,
is a satisfaction of the judgment? The other question
is, whether judgment was properly rendered against the
surety on the bond for *certiorari* for the debt by the
Circuit Judge.

The facts on which the first question is raised are
as follows: On a judgment dated in 1859, an exe-
cution was issued in 1861, which was levied by Pil-

low, a deputy sheriff on a negro man, the property of Voss. The negro had been hired that year to James Henry. He sued out a writ of replevin in the Circuit Court, giving the usual bond with Voss as security, and possession given him of the negro. The war coming on soon after, the suit remained pending in the Circuit Court until April term, 1867, when the death of defendant Pillow having been suggested and proven in court at July term, 1865, the cause was by order of the court abated, and judgment rendered against the plaintiff and his surety for costs only. Subsequently an execution was issued and levied on the property of Murphy, when he filed his petition for *certiorari* and *supersedeas* to quash the execution, on the ground of the levy on the negro as stated above.

We hold that the levy on the negro, under the circumstances of this case, did not operate as a satisfaction of the judgment. The principle on which a levy of an execution on sufficient personal property to discharge the debt is held to satisfy the judgment is, that the title to the property has been divested out of the debtor and vested in the sheriff, so that the creditor has his remedy against the sheriff if he fail to appropriate it to the payment of the judgment. But this principle can have no application to a case where the party has not been in fact deprived of his property as the result of the levy, but we can see that he has had the property restored to him, as was no doubt the case here, for after the termination of the year's hiring Henry, the hirer, had no right of possession, and

no doubt delivered the negro to the owner. To hold this a satisfaction would enable the debtor, in the language of the court in the case of *Williams* v. *Bowdon*, 1 Swan, 285, "to perpetuate a wrong or fraud upon the creditor or officer, upon the idea of a merely fictitious satisfaction of the debt." The rule is merely for the protection of the debtor, but not to enable him to hold the property and enjoy it, and at the same time claim his debt to have been paid by it. The petition, it is proper to say, in this case states that Murphy was surety, but there is nothing in the judgment or record to show this fact. The rule we have announced is, beyond all dispute, correct as between the creditor and the principal debtor. Whether applicable to the same extent where a surety is insisting on the satisfaction, we need not now determine, but we think it a just application of the rule in the case of a simple joint debtor, as this case appears before us in this record. As it clearly appears, there was no satisfaction or payment of the debt, nor can we say there was such default of the sheriff as would render him liable for the property.

The other question has nothing in it. The practice has been well settled in accordance with the ruling of the Circuit Judge, since the Code.

Affirm the judgment.